UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERUMI T. KOTLOWSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No:    4:05CV01521 HEA |
| WAL-MART STORES EAST, LP, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF OFFERS OF SETTLEMENT OR SETTLEMENT NEGOTIATIONS**

COMES NOW Defendant Wal-Mart Stores East, LP ("Defendant") and for its Motion in Limine to Exclude Any Evidence of Offers of Settlement or Settlement Negotiations prays this Court for its Order precluding Plaintiff from introducing at trial evidence of the following subject, requiring Plaintiff's counsel to instruct Plaintiff's witnesses not to mention the subject during their testimony, and preventing Plaintiff's counsel from commenting upon the subject during opening statement and closing argument.

1. Rule 408 of the Federal Rules of Evidence provides, in pertinent part, as follows:

    > Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

2. It is axiomatic that offers of settlement or compromise, absent extraordinary circumstances, are inadmissible. <u>Greyhound Lines, Inc. v. Miller</u>, 402 F.2d 134, 139 (8th Cir. 1968). This rule applies whether the offeror's offer is termed a "settlement compromise" or a "settlement offer." <u>Burns v. City of Des Peres</u>, 534 F.2d 103, 112 (8th Cir. 1976).

3. The Missouri approach to the admissibility of settlement offers and offers to compromise are consistent, as Missouri courts have held that offers of settlement are inadmissible because

1

Missouri has chosen to further the policy of encouraging settlements. <u>McPherson Redevelopment Corp. v. Watkins</u>, 743 S.W.2d 509, 510 (Mo.App.1987).

4. An offer of settlement may not be construed as an admission of liability by the offeror, as public policy favors the settlement of disputed claims out of court and offers of settlement are treated as offers to obtain peace rather than an admission to be held against the offeror. <u>City of Kansas City v. New York-Kansas Building Ass'n, LP</u>, 96 S.W.3d 846, 862 (Mo.App. 2002).

5. In this case, a pre-suit settlement offer was extended on behalf of Defendant to Plaintiff. Further, the parties engaged in Mediation in this matter on December 7, 2006, during which Mediation settlement negotiations took place and various offers of settlement were extended to Plaintiff by Defendant.

6. Defendant adopts and incorporates by reference its Memorandum in Support of this Motion, as if stated completely herein.

WHEREFORE, Defendant prays this Court for its Order precluding Plaintiff from introducing at trial evidence of the foregoing subject, requiring Plaintiff's counsel to instruct Plaintiff's witnesses not to mention the subject during their testimony, and preventing Plaintiff's counsel from commenting upon the subject during opening statement and closing argument, and for whatever further relief this Court deems fair and proper.

       /s/ James E. Whaley
James E. Whaley  #4691
BROWN & JAMES, P.C.
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, Missouri  63101-2000
(314) 421-3400
(314) 421-3128 (Fax)

A copy of the foregoing sent via ECF or U.S. Mail this 5th day of January, 2007, to: Mr. Matthew J. Devoti and Mr. Matthew C. Casey, Casey & Devoti, P.C., Attorneys for Plaintiff, 100 North Broadway, Suite 1000, St. Louis, MO 63102.

       /s/ James E. Whaley