UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERUMI T. KOTLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1521 HEA |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion in Limine, [Doc. 44], Defendant's Motion in Limine to Exclude Any Evidence or Reference to Defendant's Accident File, [Doc. 47], Defendant's Motion in Limine to Exclude Evidence Not Relevant to Any Claims or Defenses, [Doc. 49], Defendant's Motion in Limine to Exclude Any Evidence of the Alleged Statement of Defendant's Unidentified Bakery or Deli Associate at the Scene of the Incident, [Doc. 51], Defendant's Motion in Limine to Exclude Hearsay Statements, [Doc. 53], and Defendant's Motion in Limine to Exclude any Evidence of Offers of Settlement or Settlement Negotiations, [Doc. 55].

The Court makes the following rulings:

Defendant's Motion in Limine to Exclude Any Evidence or Reference to Defendant's Accident File, [Doc. 47], is granted.

Defendant's Motion in Limine to Exclude Any Evidence of the Alleged

Statement of Defendant's Unidentified Bakery or Deli Associate at the Scene of the Incident, [Doc. 51], is granted.

Defendant's Motion in Limine to Exclude Hearsay Statements, [Doc. 53], is granted.

Defendant's Motion in Limine to Exclude any Evidence of Offers of Settlement or Settlement Negotiations, [Doc. 55], is granted

Plaintiff's Motion in Limine, [Doc. 44], is granted in part. The motion is granted to exclude the opinions of Jean Guy except as to fact witness status; the motion is granted with respect to the psychiatric condition suffered by Plaintiff prior to the occurrence mentioned in the pleadings; the motion with respect to Plaintiff's lower back condition is granted unless Plaintiff is asserting some new injury of the lower back that is related to her fall; the motion is granted with respect to social security disability benefits and Medicare benefits received by Plaintiff.

Defendant's Motion in Limine to Exclude Evidence Not Relevant to Any Claims or Defenses, [Doc. 49] is granted in part and denied in part, and reserved in part, as follows:

The Motion as to The Evidence that the video footage reviewed by Defendant's Associate was misplaced after its original placement retention and could not be located for production to Plaintiff's is reserved for ruling at trial, and

subject to matters of relevance and foundation.

The Motion as to Any evidence that Plaintiff's grandson fell or almost fell out of the baby carrier being carried by Plaintiff or that the baby carrier being carried by Plaintiff came into contact with the ground following the incident at the time of the incident is overruled and denied.

The Motion as to Evidence that Defendant's Associates, allegedly, initially refused to call an ambulance to the scene following the incident is overruled and denied.

The Motion as to Evidence that Gary Kotlowski saw one of Defendant's Associates pushing a cart approximately one hour before the incident alleged in the Complaint is granted.

The Motion as to Evidence of Plaintiff's complaints of pain and tingling in her arms and hands is granted unless Plaintiff can demonstrate a relationship to the injury to her knee, ankle and/or leg.

The Motion as to Evidence that Plaintiff intended, before the incident occurred, to apply for a job shortly after the incident occurred is granted.

SO ORDERED.

Dated this 16th day of May, 2007.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE