UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERUMI T. KOTLOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1521 HEA |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Having considered the arguments of counsel during a telephone conference held this date, the Court finds as follows:

Defendant's Motion for Reconsideration, [Doc. No. 70], which the Court considers essentially a Motion for Clarification with respect to the Court's May 16, 2007 Order, is granted to the extent that Ms. Guy may testify as a treating health care provider. This means that Ms. Guy may testify as to the treatment and any diagnosis she provided and as to the conclusions she reached therefrom.

In its comments to the 1993 amendments to Rule 26(a)(2), the Rules Advisory Committee observed that the requirement of a written report in paragraph (2)(B) applies only to those experts who are retained or specially employed to provide "expert" testimony in the case. "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." *Id.*

Because of the nature of the job, treating health care professionals are often called to testify regarding factual matters and matters which reflect their expertise as such.

A treating professional could be considered an expert witness when testifying outside the scope of 7(e)(1). Examples of expert testimony include: testimony as to medical matters unrelated to the actual care and treatment administered, testimony regarding the patient's previous care unrelated to the treatment at issue, and opinions that were not derived from the treating professional's personal knowledge of the case or were developed or acquired in anticipation of litigation. Clearly, none of these examples are applicable in the instant case. The Court's understanding is that Ms. Guy, as well as Drs. Crum and Salyer, will testify to the treatment they rendered and their conclusions based on their treatment and diagnosis of Plaintiff with respect to the injury at issue. As such, none of the testimony to be provided falls within the realm of "expert" testimony which requires a written report.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration or, in the Alternative, to Strike the Testimony of Dr. Jerry Crum and Dr. Laura Salyer, is granted to the extent set forth herein.

Dated this 8th day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE